### AMERICAN CARPET-LINING CO. v. BEALE et al. (two cases).[1]

(Circuit Court, D. Massachusetts. July, 1880.)

PATENTS—INVENTION—MACHINES FOR SEWING PARALLEL SEAMS.

    The Canfield patent, No. 86,057, for an improvement in sewing machines for sewing parallel seams, considered on motion for preliminary injunction, and *held* valid and infringed.

These were two suits brought by the American Carpet-Lining Company against Joseph H. Beale and others; the first being upon letters patent No. 74,328, issued February 11, 1858 (reissue No. 3,247, dated December 29, 1868), for machines for sewing carpet linings; and the second upon letters patent No. 86,057, issued January 19, 1869, to Felix P. Canfield and Joel F. Fales, as assignee of said Canfield, for an improvement in sewing machines for sewing parallel seams. The causes were heard on motions for preliminary injunction.

J. E. Maynadier, for complainant.

W. M. Parker, for defendants.

LOWELL, Circuit Judge. In the former of these suits, which is brought on the Fales patent, there seems to be a fair question whether Fales was truly the inventor of the improvement, or whether it was made by Canfield. In the second, which is brought on the Canfield patent, there is no such defense, nor any defense, except that the patent is void on its face, for not clearly distinguishing between what is new and what is old. The point here taken is that, if Fales invented what is described in his patent, the specification of Canfield should have disclaimed it in terms. But the only objection taken to Fales' patent is that Canfield was the inventor. If so, the Fales patent is void; and Canfield truly says that he invented the whole improvement, if he does say so. If Canfield did not make the invention, the Fales patent is valid, and an injunction should issue on that. As a matter of combination, I think the Canfield patent can be sustained, even if Fales did invent a part of the new mode of

---

[1] This case has been heretofore reported in 5 Ban. & A. 529, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

operation, because what Canfield claims is one entire combination. Judge Blatchford has granted an injunction in a suit on this patent. There is no denial of infringement of the Canfield patent, except in argument, and a general denial in the answer. The evidence on both sides describes a machine which infringes Canfield. My conclusion is that a preliminary injunction should not be granted in the first-named suit, and that one should be granted in the second; and it is so ordered.